UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EUGENE JAMES, | No. 2:24-cv-1511 CKD P |
| Petitioner, | |
| v. | ORDER AND |
| SACRAMENTO COUNTY SUPERIOR COURT, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner, a Sacramento County pretrial detainee proceeding pro se, has filed what the court construes as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He seeks leave to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

Petitioner challenges pretrial proceedings with respect to Sacramento County criminal case no. 19FE021761. It does not appear that petitioner has been convicted with respect to any charges filed in that case.

Federal courts cannot interfere with pending state criminal proceedings absent extraordinary circumstances which create a threat of irreparable injury. Younger v. Harris, 401 U.S. 37, 45-46 (1971). Irreparable injury does not exist in situations, such as here, where the threat to plaintiff's federally protected rights may be eliminated by his defense of the criminal

1

1  case.  Moreover, "even irreparable injury is insufficient [to permit interference with the
2  proceeding] unless it is 'both great and immediate.' " Id. at 46 (quoting Fenner v. Boykin, 271
3  U.S. 240, 243-44 (1926)).

4      "The Younger doctrine was borne of the concern that federal court injunctions might
5  unduly hamper a state in its prosecution of criminal laws." Miofsky v. Superior Court, 703 F.2d
6  332, 336 (9th Cir. 1983).  In practical terms, the Younger doctrine means that " 'only in the most
7  unusual circumstances is a defendant entitled to have federal interposition by way of injunction or
8  habeas corpus until after the jury comes in, judgment has been appealed from and the case
9  concluded in the state courts.' " Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.) (quoting Drury
10 v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972)).

11     Here, petitioner does not point to anything suggesting the great and immediate threat of
12 irreparable injury as a result of extraordinary circumstances necessary for this court to justify
13 reviewing ongoing state court proceedings.  Accordingly, the court will recommend that
14 petitioner's § 2241 petition be dismissed.

15     Accordingly, IT IS HERBY ORDERED that:
16     1. Petitioner's request for leave to proceed in forma pauperis (ECF No. 5) is granted; and
17     2. The Clerk of the Court assign a district court judge to this case.
18     IT IS HEREBY RECOMMENDED that petitioner's petition for a writ of habeas corpus
19 (ECF No. 1) be dismissed pursuant to Younger v. Harris, 401 U.S. 37 (1971).

20     These findings and recommendations are submitted to the United States District Judge
21 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
22 after being served with these findings and recommendations, petitioner party may file written
23 objections with the court.  Such a document should be captioned "Objections to Magistrate
24 Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections
25 /////
26 /////
27 /////
28 /////

within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 3, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
jame0328.you